UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| BILL LIETZKE,<br><br>               Plaintiff,<br><br>vs.<br><br>CITY OF MONTGOMERY and KEVIN MURPHY, Chief,<br><br>               Defendants. | Case No. 1:25-cv-00729-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Pro se Plaintiff Bill Lietzke, a citizen of Montgomery, Alabama, filed a civil Complaint against the City of Montgomery and members of its police force for committing libel, slander, and unlawful detention when they investigated a false report that he was "following a woman" near the premises of the First Baptist Church on 303 South Perry Street in 2018. He desires to proceed in forma pauperis.

The Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all non-prisoner pauper complaints to determine whether they have stated a claim upon which relief can be granted before being served on the defendants. 28 U.S.C. § 1915. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"It is malicious per se for a pauper to file successive In Forma Pauperis suits that duplicate claims made in other pending or previous lawsuits." *Brinson v. McKeeman*, 992 F.Supp. 897, 912 (D. Tex. 1997); *see Scott v. Weinber*g, 2007 WL 963990, at *12 (D. Wash. 2007) (malicious suits include those that are "plainly abusive of the judicial process or merely repeat[] pending or previously litigated claims"); *Thomas v. Commonwealth of Virginia*, 2005 WL 1074333, at *5 (D. Va. 2005) (repetitive lawsuit was frivolous and malicious where plaintiff was told in his previous suit that he had not stated a claim).

The following problems prevent Plaintiff from proceeding. First, a federal court must satisfy itself that it has authority to exercise personal jurisdiction over the defendant. Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To avoid dismissal, Plaintiff must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).

Personal jurisdiction over a nonresident defendant exists if (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Data Disc, Inc. v. Systems Technology Assoc., Inc*., 557 F.2d 1280, 1287 (9th Cir. 1977). Plaintiff is a citizen of Alabama, the acts complained of occurred in Alabama, and the

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

Defendants work and reside in Alabama or are Alabama government entities. No facts support a conclusion that the Court has personal jurisdiction over the Alabama defendants.

Second, venue must also be proper. Legal actions may be brought only in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

No facts support a conclusion that venue in Idaho is appropriate, for the same reasons that personal jurisdiction does not lie.

Third, and most important, Plaintiff's claims duplicate claims made in other cases that have been dismissed with prejudice. To date, Plaintiff has filed over 228 cases in the federal court system. Plaintiff has filed numerous complaints in Alabama, Alaska, Arizona, California, Idaho, Iowa, Maine, Massachusetts, Michigan, Minnesota, Montana, Nebraska, Nevada, New York, North Dakota, South Dakota, Texas, Utah, Washington, and Wyoming. A complaint with the same defendants and same allegations was dismissed with prejudice in 2023 by the United States District Court for the Middle District (Montgomery) of Alabama in *Lietzke v. Greyhound Lines, Inc.*, 22:21-cv-00208-WKW-JTA. In addition, Plaintiff was declared a vexatious litigant in that case.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). A pro se pleading may be dismissed without notice of the deficiencies and an opportunity to amend if a complaint "cannot be saved" by amendment. *Id.* at 1129.

Based on the facts alleged in the Complaint, it does not appear that Plaintiff can come forward with any facts showing that this Court has personal jurisdiction over this case or that venue in Idaho is proper. Further, Plaintiff's claims are frivolous because they duplicate other cases adjudicated to a conclusion. *See Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688, 692 (9th Cir. 2007) (citations omitted) (finding dismissal of duplicative action with prejudice did not constitute an abuse of discretion).[1]

Because amendment would be futile and transferring this case to the Alabama federal district court where Plaintiff has been deemed a vexatious litigant would not be prudent under the circumstances, the Court will dismiss this case with prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's in Forma Pauperis Application (Dkt. 1) is DENIED as MOOT.

2. The Complaint (Dkt. 2) is DISMISSED with prejudice.

---

[1]    *Adams* was overruled on other grounds by *Taylor v. Sturgell,* 553 U.S. 880, 904 (2008).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

3.  The Court concludes from the content and timing of the Complaint that any appeal would be taken in bad faith, because there are no conceivable non-frivolous arguments that could save Plaintiff's case from dismissal with prejudice.

DATED: April 3, 2026

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**